**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Captain MICHAEL K. STEPHENS, JR.**
**United States Air Force**

**ACM 38531**

**16 April 2015**

Sentence adjudged 2 December 2013 by GCM convened at Bagram Airfield, Afghanistan. Military Judge: Dawn R. Eflein (sitting alone).

Approved Sentence: Dismissal, confinement for 30 days, and forfeiture of $2,500.00 pay per month for 2 months.

Appellate Counsel for the Appellant: Captain Jonathan D. Legg.

Appellate Counsel for the United States: Major Daniel J. Breen and Gerald R. Bruce, Esquire.

Before

HECKER, TELLER, and BENNETT
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

At a general court-martial composed of a military judge sitting alone, the appellant was convicted, pursuant to his pleas, of three specifications of wrongful use of controlled substances while receiving special pay under 37 U.S.C. § 310, and larceny of military property of a value less than $500.00, in violation of Articles 112a and 121, UCMJ, 10 U.S.C. §§ 912a, 921.[*] The appellant was sentenced to a dismissal, confinement for

---

[*] Specifically, the appellant pled guilty to wrongful use of Fentanyl (a schedule II controlled substance), Morphine (a schedule II controlled substance), and Diazepam (a schedule IV controlled substance). He also pled guilty to

2 months, and forfeiture of $2,500.00 pay per month for 2 months. Pursuant to a pretrial agreement, the convening authority approved 30 days of confinement and the remainder of the sentence as adjudged.

On appeal, the appellant contends the delay in the forwarding of his record of trial for appellate review warrants relief from this court. Finding no material prejudice to a substantial right of the appellant, we affirm.

*Delay in Post-Trial Processing*

In *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), our superior court established guidelines that trigger a presumption of unreasonable delay in appellate review, including where a record of trial is not docketed with a service Court of Criminal Appeals within thirty days of the convening authority's action. Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers the service appellate courts to grant sentence relief for excessive post-trial delay with or without a showing of actual prejudice. *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

The convening authority took action on 8 January 2014. The appellant's case was docketed with this court on 26 February 2014, 49 days later. The appellant does not allege that he suffered any prejudice as a result of this delay in docketing the record of trial with this court, and we find none. Rather, the appellant asserts "modest" *Tardif* relief is warranted due to unreasonable post-trial delay. For the reasons that follow, we conclude that the short delay in this case was justified, the appellant was not prejudiced by the delay, and he is not entitled to any relief.

"Convicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *Moreno*, 63 M.J. at 135. We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A facially unreasonable delay will trigger an analysis that requires us to balance the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and adopted in *Moreno*, 63 M.J. at 135. Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005) (citing *Barker*, 407 U.S. at 530). The first factor serves multiple functions:

> First, the length of delay is to some extent a triggering mechanism, and unless there is a period of delay that appears,

---

stealing these controlled substances from the medical clinic at Camp Bastion, Afghanistan, leading to his larceny conviction.

on its face, to be unreasonable under the circumstances, there is no necessity for inquiry into the other factors that go into the balance." Second, "if the constitutional inquiry has been triggered, the length of delay is itself balanced with the other factors and may, in extreme circumstances, give rise to a strong presumption of evidentiary prejudice affecting the fourth *Barker* factor.

*United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005) (quoting *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004)). We are required to "analyze each factor and make a determination as to whether that factor favors the Government or the appellant" and "balance our analysis of the factors to determine whether there has been a due process violation." *Moreno*, 63 M.J. at 136.

### 1. Length of Delay

There is a presumption of unreasonable delay in this case, as the record of trial was docketed with this court 49 days after action, which is beyond the 30-day standard. *See Moreno*, 63 M.J. at 142. The government can rebut the presumption by showing the delay was not unreasonable. *Id*. This factor weighs in the appellant's favor, but as discussed below, the government provided a legitimate explanation for the delay.

### 2. Reasons for Delay

In *Moreno*, 76 days elapsed between action and docketing without explanation from the government as to why the delay occurred. 63 M.J. at 133. Our superior court, opined that "[d]elays involving this essentially clerical task have been categorized as 'the least defensible of all' post-trial delays." *Id*. at 137 (citing *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990)). Moreover, while the court in *Moreno* recognized that there might be good reason for some delays, it held that such delays "must be justifiable, case-specific delays supported by the circumstances of that case and not delays based upon administrative matters, manpower constraints or the press of other cases." *Id*. at 143.

In *United States v. Bigelow*, 57 M.J. 64, 69 (C.A.A.F. 2002), our superior court agreed with this court's conclusion that the 244-day delay in preparing the record of trial was "neither unexplained nor inordinate." In *Bigelow*, the trial participants were spread out over numerous overseas locations and we noted:

> The goal of achieving an accurate record sometimes requires additional time from what we would aspire to under optimum conditions. This is particularly true in our overseas theaters, where distances and modes of transportation complicate the effort

to achieve as speedy post-trial processing of cases as possible.

*United States v. Bigelow*, 55 M.J. 531, 533 (A.F. Ct. Crim. App. 2001), *as quoted in Bigelow*, 57 M.J. at 69.

The appellant cites our unpublished decision in *United States v. Milano*, ACM S32122 (A.F. Ct. Crim. App. 11 March 2014) (unpub. op.), to support his argument that the delay in this case was unacceptable. However, *Milano* is distinguishable. In that case, the delay was 54 days, and the government failed to provide an explanation for the delay.

In the case at bar, the government submitted the declaration of Major NW, the chief of military justice for Air Force Central Command (AFCENT) which, inter alia, states:

> The delay in forwarding [this] Record of Trial for docketing was due to the delay in assembling the original Record of Trial. Because of the various locations of the original documents, I directed all original documents be sent to AFCENT-Shaw AFB for Record of Trial Assembly. The situs of the offense and preferral was Camp Bastion, the servicing [staff judge advocate (SJA)] for the [special court-martial convening authority] was at Kandahar Air Base, the [general court-martial convening authority (GCMCA)] was at Kabul International Airport, the servicing GCMCA SJA and staff were at AFCENT-Al Udeid and AFCENT-Shaw, and the court-martial convened at Bagram Air Base. Original documents were located at each of the above locations.

The circumstances in this case are similar to those in *Bigelow*. While Bigelow's record of trial was lengthy (593 pages) compared to appellant's record of trial (100 pages), the excess delay in the case at bar (just 19 days) was much shorter than the one in *Bigelow*. After balancing the relatively short delay against the government's explanation about the logistical hurdles involved in the preparation of the appellant's record of trial, we find that the delay was justified. This factor weighs in favor of the government.

3. Assertion of Right to Timely Appeal

Major NW informed trial defense counsel that docketing would probably be delayed beyond the 30-day *Moreno* standard. At the time, the appellant raised no concerns or objections. While this factor weighs against the appellant, it does so only

slightly as the responsibility for forwarding the record of trial to this court falls squarely on the government, and the appellant is not obligated to complain in order to receive a timely appeal. *See Moreno*, 63 M.J. at 138.

### 4. Prejudice

Under the *Moreno* construct, we examine "three similar interests for prompt appeals: (1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138–39. The appellant has identified no specific prejudice resulting from the 19-day delay in forwarding his record of trial to this court, and we find none. This factor weighs in favor of the government.

When there is no showing of prejudice under the fourth *Barker* factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

*Tardif Relief*

Even though we have concluded that the error was harmless beyond a reasonable doubt, Article 66(c), UCMJ, empowers the appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006).

In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607.

The brevity of the record of trial is a factor that weighs in favor of the appellant. However, the rest of the factors do not. The length of the delay was short, and there was no bad faith or negligence in the post-trial process. In fact, the government had a

reasonable justification for its delay and kept the defense apprised of its efforts to complete the record of trial and forward it for docketing. We have considered the facts and circumstances of the appellant's offenses and the entire record of trial. We conclude that sentence relief under Article 66(c), UCMJ, is unwarranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court