# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman LOUIS E. SHYERS**
**United States Air Force**

**ACM S32273**

**16 December 2015**

Sentence adjudged 3 June 2014 by SPCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Natalie D. Richardson (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 7 days, hard labor without confinement for 30 days, forfeiture of $1000.00 pay, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Virginia M. Bare.

Appellate Counsel for the United States: Major Jeremy D. Gehman and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

ZIMMERMAN, Judge:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, consistent with his pleas, of wrongful use of a controlled substance analogue and obstruction of justice, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. § 892, 934. The court sentenced Appellant to a bad-conduct discharge, confinement for 7 days, hard labor without confinement for 30 days, forfeiture of $1,000.00, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant requests this court award meaningful sentencing relief for post-trial processing delays because the Government violated the 120-day post-trial processing standard for convening authority action and failed to docket the case with this court within 30 days. We hold the Government violated post-trial processing standards, but sentencing relief is not warranted. We affirm the findings and sentence.

*Background*

On three occasions between July and September 2013, Appellant used a controlled substance analogue, 25I-NBOMe, which is a synthetic LSD substance. When questioned, he lied to Air Force investigators about his friend's use of synthetic LSD. At his trial on 3 June 2014, Appellant pled guilty to the charges and their specifications.

In his stipulation of fact and during the providence inquiry, Appellant explained that he had used the controlled substance analogue on three occasions with his friends either in his on-base dormitory room or at a local park. Appellant had acquired the drugs either through a friend or by ordering the drugs online with delivery to the military installation. On the last occasion of illegal drug use at an off-base park, his friend had adverse reactions to the drug and Appellant was unable to calm or restrain the friend, so he left him at the park, resulting in an investigation into the friend's drug use.

When Air Force investigators questioned Appellant about his activities at the local park, Appellant lied to the agents and told them he had not used any mood-altering substance, he had no knowledge of his friend engaging in any misconduct, and when he left his friend at the park there was nothing wrong with his friend. Later, Appellant told his friend to not tell investigators anything.

*Post-trial Processing Delay*

Appellant argues for meaningful sentencing relief because the Government took 130 days to process his case from the trial end date to convening authority action, and then 45 days passed before the case was docketed with this court.[1] Appellant claims these facial violations of speedy post-trial benchmarks were due to clerical delays and were unreasonable. The Government moved for, and we granted, attachment of supplemental affidavits from two paralegals involved in post-trial processing of this case.

We review de novo Appellant's claim that his due process rights were violated due to post-trial delay. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004); *United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F. 2003)). Where the convening authority's action is not taken within 120 days of the end of trial, we apply a presumption of unreasonable delay; however, "[t]he Government can rebut the presumption by showing the delay was not unreasonable." *Moreno*, 63 M.J. at 142.

---

[1] The record shows Appellant's trial ended on 3 June 2014, the convening authority took action 129 days later on 10 October 2014, and the case was docketed 45 days later on 24 November 2014.

We presume unreasonable delay in this case because 129 days had lapsed when the convening authority took action and 45 days lapsed before the case was docketed. We thus consider the remaining factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), including the reasons for the delay, Appellant's assertion of the right to timely review, and prejudice. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004)).

Regarding the reasons for the delay prior to convening authority action, the processing time included transcription and assembly of the record when the court reporter was apparently busy with duties related to other cases, as well as a 16-day extension of time for Appellant to submit clemency matters to the convening authority. The 45-day processing time prior to docketing of this case included several attempts to correct clerical mistakes associated with the record of trial before the record could be released for docketing. We also consider the lack of evidence of malicious delay.

We find the reasons for the delay from end of trial to convening authority action to docketing were adequately explained, and we balance these reasons with any evidence of prejudice and demand for timely review. In this case, Appellant did not demand timely review, nor did he indicate any prejudice resulting from post-trial processing of his case. Accordingly, after balancing all *Barker* factors, we find no violation of Appellant's due process right to speedy post-trial review.

Lastly, we review Appellant's request for relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), this court is empowered "to grant relief for excessive post-trial delay without a showing of actual prejudice within the meaning of Article 59(a), UCMJ, 10 U.S.C. § 859(a), if it deems relief appropriate under the circumstances." *Id.* at 224 (quoting *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)) (internal quotation marks omitted). In *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006), our superior court held that a service court may grant relief even when the delay was not "most extraordinary." The court held "[t]he essential inquiry remains appropriateness in light of all circumstances, and no single predicate criteria of 'most extraordinary' should be erected to foreclose application of Article 66(c), UCMJ, consideration or relief." *Id.* We find relief is not appropriate in this case.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ.

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32273