# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman ROBERT S. BOERS
### United States Air Force

### ACM 38855

### 7 September 2016

Sentence adjudged 8 April 2015 by GCM convened at Kadena Air Base, Okinawa, Japan. Military Judge: Gregory O. Friedland (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Major Thomas A. Smith and Captain Virginia M. Bare.

Appellate Counsel for the United States: Major Jeremy D. Gehman and Gerald R. Bruce, Esquire.

Before

MAYBERRY, SPERANZA, and JOHNSON
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

JOHNSON, Judge:

At a general court-martial composed of a military judge sitting alone, Appellant was found guilty, in accordance with his pleas, of two specifications of attempting to commit lewd acts upon a child, and of resisting apprehension by a special agent of the Air Force Office of Special Investigations, in violation of Articles 80 and 95, UCMJ, 10 U.S.C. §§

880, 895.[1]  The court sentenced Appellant to a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the sentence as adjudged.

Before us, Appellant requests relief for unreasonable delay in the post-trial processing of his case.  Finding such relief is not warranted in this case, we affirm the findings and sentence.

*Background*

Appellant's court-martial concluded on 8 April 2015 at Kadena Air Base, Okinawa, Japan.  The convening authority took action on the case 79 days later, on 26 June 2015.  The wing legal office received the signed action from the convening authority's staff judge advocate on 29 June 2015, but the wing legal office did not receive the signed promulgating order until over a week later.  On 10 July 2015, the wing legal office put the completed record of trial into the mail from Japan to the Military Justice Division, Air Force Legal Operations Agency, located at Joint Base Andrews, Maryland, where it was received on 28 July 2015.  The record of trial was docketed with this court the following day, 29 July 2015, 33 days after the convening authority's action.

*Post-trial Processing Delay*

In *United States v. Moreno*, our superior court established a presumption of unreasonable post-trial delay when the convening authority does not take action within 120 days of the completion of trial, and when the record of trial is not docketed with the service court within 30 days of the convening authority's action.  63 M.J. 129, 142 (C.A.A.F. 2006).  Appellant asserts we should grant meaningful relief because the 33 days that elapsed between action and docketing with this Court exceeded the *Moreno* standard by three days.

There are two phases to our analysis of whether Appellant is entitled to relief.  First, we determine whether the delay in this case amounts to a denial of Appellant's due process right to speedy post-trial review and appeal.  *Id.* at 135.  Next, even if we find no due process violation, we also consider whether this court should exercise its power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to grant relief for excessive post-trial delay.  *United States v. Tardif*, 57 M.J. 219, 224-25 (C.A.A.F. 2002).

Our superior court has identified four factors to consider in determining whether post-trial delay amounts to a violation of due process rights:  (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review;

---

[1] Pursuant to Appellant's pretrial agreement with the convening authority, one specification of attempting to commit a sexual act on a child in violation of Article 80, UCMJ, 10 U.S.C. § 880, was withdrawn and dismissed at trial.

and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136 (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). In the instant case, although the delay between action and docketing with this court was facially unreasonable per *Moreno*, Appellant does not allege any prejudice from that delay, and we find none. Balancing the other factors, we do not find the delay so egregious as to undermine the appearance of fairness and integrity within the military justice system. Therefore, we find no due process violation.

Next we consider whether Article 66(c), UCMJ, relief pursuant to *Tardif* is appropriate. 57 M.J. at 224–25. We are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), aff'd, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive. These factors include the length of the delay, the reasons for the delay, evidence of harm to Appellant or the justice system caused by the delay, and evidence of institutional neglect. *Id*. We are mindful of our superior court's admonition that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court—is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

In this case, the 33 days that elapsed between action and docketing exceeded the *Moreno* standard, but only by three days. As noted above, the trial-to-action phase of the processing was accomplished in a relatively expeditious 79 days, far below the 120-day *Moreno* standard. Although we recognize *Moreno* did not establish a trial-to-docketing time standard, and although efficiency in one phase of the process does not necessarily excuse neglect in another phase, on the whole Appellant's case has not been subjected to severe post-trial delay.

As for the reasons for the delay, the majority—18 days—of the delay between action and docketing occurred when the record of trial was traveling through the mail from Okinawa, Japan to Maryland. The Government asserts that such delays are typical in mailing material from Japan to the United States. We recognize that geography may impact the amount of time required to deliver a record of trial so that it may be docketed with this court. However, this is merely one factor among several to be considered in our case-by-case analysis of potential Article 66(c), UCMJ, relief for post-trial delay. Indeed, awareness of such conditions underscores the need for vigilance in those parts of the process that are more directly under the Government's control. We are not inclined, and do not encourage the Government, to view a relatively long mail transit period as a rationalization for violating the *Moreno* standards. The affidavit of the then-Chief of

Litigation at Kadena Air Base offered by the Government does not provide a thorough or compelling explanation for other periods of the post-action delay in this case, such as the delay between action and delivery of a signed promulgating order to the wing legal office. In another case, such imprecise accounting could contribute to a different result.

However, turning to the remaining factors, in this case we discern no particular harm to either Appellant or the justice system, nor are we presented with evidence of systemic institutional neglect. Considering all the circumstances together, we do not find relief appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court