# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32408**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Carlos O. PEREA**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 May 2017

————————————

*Military Judge:* Charles E. Wiedie, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 8 months, and reduction to E-1. Sentence adjudged 18 April 2016 by SpCM convened at Kadena Air Base, Japan.

*For Appellant:* Captain Kevin R. Cayton, USAF; Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas, of two specifications of attempting to commit a lewd act upon a person he believed to be under the age of 16

years and one specification of attempting to possess child pornography, in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. Appellant was sentenced to a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.[1] The convening authority approved the sentence as adjudged but deferred Appellant's reduction in grade and automatic forfeiture of pay until action, and he then waived the automatic forfeiture of pay for six months for the benefit of Appellant's dependent spouse and child. *See* Articles 57a and 58b, UCMJ, 10 U.S.C. §§ 857a, 858b.

This case was submitted to us on its merits with no assignments of error. However, we address two issues not raised by the parties: (1) a facially unreasonable delay in the post-trial processing of Appellant's case, and (2) an error in the convening authority's action. We find no relief is warranted due to post-trial delay, but we direct a corrected convening authority's action and court-martial order.

## I. BACKGROUND

In 2015 Appellant responded to an advertisement in the personals section of the Craigslist website placed by "Liz," and he began an electronic text correspondence that spanned several months. "Liz" portrayed herself as a 14-year-old girl living on Okinawa, where Appellant was stationed. Over the course of their correspondence, Appellant persistently requested "Liz" send him naked pictures of herself. In addition, he sent her a photo and a video of his penis and a photo of another penis he found on the Internet. In fact, "Liz" was the fictional creation of the Naval Criminal Investigative Service Child Crimes Task Force operating from Camp Foster on Okinawa, Japan.

## II. DISCUSSION

### A. Post-Trial Delay

Appellant's court-martial concluded on 18 April 2016, and the convening authority took action on 2 June 2016. However, the record of trial was not docketed with this court until 7 July 2016. This 35-day period exceeded the 30-day threshold for a presumptively unreasonable post-trial delay established by the United States Court of Appeals for the Armed Forces (CAAF) in *United*

---

[1] A pretrial agreement between Appellant and the convening authority provided the latter would approve no confinement in excess of 10 months, but included no other limitations on the sentence he could approve. Accordingly, the agreement had no impact on the convening authority's ability to approve the adjudged sentence.

*States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Accordingly, we have considered the four factors identified in *Moreno* to assess whether Appellant's due process right to timely post-trial and appellate review has been violated.[2] *Id.* at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005*), United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)). Where, as here, there is no discernible prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Significantly, the convening authority took action only 45 days after Appellant's trial, as compared to the 120-day standard for presumptively unreasonable delay established in *Moreno*. 63 M.J. at 142. Considering the relevant factors together, we conclude that the 35 days that elapsed between the convening authority's action and docketing with this court are not so egregious as to impugn the fairness and integrity of the military justice system.

Recognizing our authority under Article 66(c), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not.[3] On the whole, the processing of Appellant's case has not been subjected to excessive post-trial delay, and we perceive no substantial harm to Appellant, prejudice to the interests of justice or discipline, or erosion of this court's ability to conduct our review or grant appropriate relief that would move us to modify an otherwise fitting sentence.

---

[2] These factors include: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005), *United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)).

[3] These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) keeping in mind that our goal under *Tardif* is not to analyze for prejudice, whether there is nonetheless some evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and is relief consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) given the passage of time, whether this court can provide meaningful relief in this particular situation. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

**B. Erroneous Action**

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). If an action is found to be "illegal, erroneous, incomplete, or ambiguous" during the review of the record of trial under Article 66, UCMJ, the convening authority may modify the action "[w]hen so directed by a higher reviewing authority." Rule for Courts-Martial (R.C.M.) 1107(f)(2); *see also* R.C.M. 1107(g) (stating the convening authority may be instructed by an authority acting under Article 66 to withdraw the original action and substitute a corrected action when it is "incomplete, ambiguous, or contains clerical error").

As noted above, at Appellant's request, the convening authority deferred Appellant's adjudged reduction in grade as well as the automatic forfeiture of pay pursuant to Article 58b, UCMJ, until he took action on Appellant's sentence. *See* Article 57a, UCMJ, 10 U.S.C. § 857a. However, both the action and the promulgating order erroneously failed to report the deferral of the reduction in grade. *See* Air Force Instruction 51-201, *Administration of Military Justice,* ¶ 9.29.1.3 (6 Jun. 2013) ("The terms of approved deferrals . . . must be reported in the action the convening authority ultimately takes on the case."); *see also United States v. Griego*, No. ACM 38600, 2015 CCA LEXIS 502 (A.F. Ct. Crim. App. 5 Nov. 2015) (noting that erroneous failure to report the deferral of reduction in grade in the convening authority action typically requires substitution of a corrected action and promulgation of a new court-martial order). Accordingly, the action is incomplete, and a corrected action and court-martial order are required.

### III. CONCLUSION

The record of trial is returned to The Judge Advocate General for remand to the convening authority for modification of the convening authority's action and promulgation of a new court-martial order consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

4