# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and SALUSSOLIA
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 NICHOLAS E. NOTTER**
**United States Army, Appellant**

ARMY 20180503

Headquarters, Fort Campbell
Matthew A. Calarco and John M. Bergen, Military Judges
Colonel Andras M. Marton, Staff Judge Advocate (pretrial)
Lieutenant Colonel Patrick L. Bryan, Staff Judge Advocate (post-trial)
Colonel Laura J. Calese, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Major Joseph C. Borland, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

4 May 2020

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KRIMBILL, Chief Judge:

The unreasonable and unexplained post-trial delay in this case raises substantial questions as to the appropriateness of appellant's sentence. We therefore reduce appellant's sentence by one month, and only affirm so much of the sentence as provides for a dishonorable discharge and confinement for twenty-nine months.[1]

---

[1] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, in violation of Article 120, Uniform Code of

(continued . . .)

We review this case under Article 66, UCMJ. On appeal, appellant's sole assignment of error concerns the dilatory post-trial processing of his case.[2] Appellant alleges the government allowed 336 days to elapse between sentencing and action,[3] and requests relief under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). The unreasonable delay in the post-trial processing of this case warrants relief as discussed herein.

## BACKGROUND[4]

Without explanation, the government surpassed the prescribed 120-day post-trial clock by 217 days. After completion of appellant's court-martial, the government took twenty-nine days to transcribe the 286-page record, with the military judge then taking only five days to authenticate it. The authenticated record of trial and staff judge advocate's recommendation (SJAR) to the convening authority were served on appellant ninety-three days after trial. Appellant's counsel took twenty-nine days, nineteen of which are excluded from the total calculation (*see* n.3, *supra*), to submit appellant's clemency matters. Most concerning, however, is the fact that 206 days elapsed between receipt of appellant's post-trial matters and action by the convening authority. The staff judge advocate's addendum to the

_____

(. . . continued)

Military Justice, 10 U.S.C. § 920 [UCMJ]. The convening authority approved the adjudged sentence that appellant be dishonorably discharged and confined for thirty months.

[2] In addition to his assignment of error, appellant personally submitted additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have given these matters full and fair consideration and find them to be without merit.

[3] The actual delay attributed to the government is 337 days. The sentence was adjudged on 18 September 2018, and the convening authority took action 356 days later, on 9 September 2019. Appellant requested and was granted a twenty-day extension to submit his post-trial matters, from 28 January to 16 February 2019, in accordance with Article 60(b), UCMJ. However, appellant ended up not needing the full twenty days, and submitted his post-trial matters on 15 February 2019, using only nineteen days of the twenty-day extension. Thus, after deducting appellant's nineteen-day extension from the 356-day processing time, the government is responsible for the remaining 337 days of delay. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016).

[4] The following limited factual background is all that is necessary to resolve the issue now before us.

SJAR did not explain the 206-day delay, and the facts and circumstances in this case do not justify the lengthy and unexplained delay between submission of clemency matters and action.

## LAW AND DISCUSSION

This court has two distinct responsibilities in addressing post-trial delay. *United States v. Simon*, 64 M.J. 205, 207 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 103-04 (C.A.A.F. 2004)). First, as a matter of law, this court reviews whether claims of excessive post-trial delay resulted in a due process violation. *Id.* (citing U.S. Const. amend. V; *Diaz v. Judge Advocate General of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003)). Second, we may grant an appellant relief for excessive post-trial delay using our broad authority of determining sentence appropriateness under Article 66(c), UCMJ. *Id.* (citing *United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002)).

We review *de novo* whether appellant has been denied his due process right to a speedy post-trial review. *Moreno*, 63 M.J. at 135. A presumption of unreasonable post-trial delay exists when the convening authority fails to take action within 120 days of completion of trial. *Id.* at 142. In *Toohey v. United States*, our Superior Court adopted the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), which we employ when a presumption of unreasonable post-trial delay exists, to determine whether the post-trial delay constitutes a due process violation: "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." 60 M.J. at 102. In assessing the fourth factor of prejudice, we consider three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138-39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

Here, the first factor weighs in favor of appellant, as 337 days is presumptively unreasonable. The staff judge advocate, in the addendum to the SJAR, acknowledged that the post-trial processing time in this case exceeded the 120-day guideline outlined in *Moreno*. However, the addendum makes no attempt to explain the reason(s) for the 206-day delay between submission of clemency matters

and action.[5]  Therefore, the second factor also weighs in favor of appellant.[6]  The third factor weighs in favor of the government, as there is no evidence appellant asserted his right to the speedy post-trial processing of his court-martial until his submission before this court.  Regarding the fourth factor, appellant has not alleged or demonstrated any particularized prejudice in his appeal.  As such, the fourth factor weighs in favor of the government.

Absent a finding of prejudice, we may find "a due process violation only when, in balancing the other three [*Barker*] factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).  Under these facts, we do not find the post-trial delay in appellant's case so egregious that he was denied his due process right to a speedy post-trial review.

However, this court's analysis does not end there.  In finding that the post-trial delay was unreasonable but not unconstitutional, we turn to our "authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)." *Tardif*, 57 M.J. at 224 (citing *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)).  We must "determine what findings and sentence 'should be approved' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Id*.

The post-trial processing in this case falls far short of the diligence and efficiency expected of the military.  Once appellant submitted his clemency matters, it took the government another 206 days to complete action.  Of even greater concern, the government made no attempt to explain the reason for this lengthy

---

[5] We draw attention to the concurring opinion in *United States v. Mack*, emphasizing the importance of ensuring accurate and timely post-trial processing, which is the responsibility of all military justice practitioners.  ARMY 20120247, 2013 CCA LEXIS 1016, at *7 (Army Ct. Crim. App. 9 Dec. 2013) (summ. disp.) ("All practitioners, especially staff judge advocates, must ensure that the rights of an accused are not compromised, and that the interests of the government are protected.")

[6] We note the government acknowledges and concedes the first two factors weigh in favor of appellant.

delay.[7] Based on our recent decisions concerning unreasonable post-trial delay from this same jurisdiction (*see, e.g., United States v. Kizzee*, ARMY 20180241, 2019 CCA LEXIS 508, at *7 (Army Ct. Crim. App. 12 Dec. 2019) (summ. disp.) (awarding credit for 274 days of post-trial processing); *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38, at *3 (Army Ct. Crim. App 10 Feb. 2020) (summ. disp.) (awarding credit for 296 days of post-trial processing)), the military justice apparatus at that installation clearly needs to more diligently pursue post-trial processing in order to protect both the rights of the appellant and the public confidence in the military justice system itself. "Incidents of poor administration reflect adversely on the United States Army and the military justice system." *United States v. Carroll*, 40 M.J. 554, 557 n.8 (A.C.M.R. 1994) (citation omitted).

Having considered the entire record, the lack of any explanation by the government to overcome the *Moreno* presumption of unreasonableness, and the particular facts and circumstances of this case, we find appellant is entitled to relief and that a one-month reduction in sentence is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. After determining an appropriate remedy for the dilatory post-trial processing in accordance with *Tardif*, we AFFIRM only so much of the sentence as provides for a dishonorable discharge and confinement for twenty-nine months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge BROOKHART and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[7] We also take this opportunity to reiterate that staff judge advocates are required to explain post-trial processing delays in excess of the 120-day *Moreno* standard. *See United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001) ("When no relief is given in spite of apparent excessive post-trial delay, the staff judge advocate's recommendation or addendum should explain any unusual circumstances for the otherwise untimely action in that particular case.").