# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39889**

————————————

### UNITED STATES
*Appellee*

**v.**

### Alexander L. DRISKILL
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 December 2021

————————————

*Military Judge:* Willie J. Babor.

*Sentence:* Sentence adjudged on 4 November 2019 by GCM convened at Ramstein Air Base, Germany, Aviano Air Base, Italy, and Buckley Air Force Base, Colorado. Sentence entered by military judge on 2 March 2020: Dishonorable discharge, confinement for 40 years and 9 months, and reduction to E-1.

*For Appellant:* Major Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Allison R. Barbo, USAF; Major Alex B. Coberly, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, ANNEXSTAD, and OWEN, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge LEWIS and Judge OWEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

At a general court-martial, in accordance with his pleas, a military judge found Appellant guilty of one specification of wrongful possession of obscene cartoons in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. Contrary to his pleas, a panel of officer members found Appellant guilty of one specification of rape of a child and one specification of sexual abuse of a child, both in violation of Article 120b, UCMJ, 10 U.S.C. § 920b.[1] The members sentenced Appellant to a dishonorable discharge, confinement for 40 years and nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[2] The pretrial agreement did not place any limitations on punishment.

Appellant raises nine assignments of error which we have reworded: (1) whether the evidence was legally and factually sufficient to support Appellant's convictions for rape and sexual abuse of a child; (2) whether the military judge abused his discretion by allowing a Government expert to testify about future impact on the named victim; (3) whether the military judge erred when he denied Appellant's request to sever the charge for wrongful possession of obscene cartoons from the charge and specifications for rape and sexual abuse of a child; (4) whether Appellant's conviction for wrongful possession of obscene cartoons violated the prohibition against double jeopardy found in the Fifth Amendment[3] and Article 44, UCMJ, 10 U.S.C. § 844; (5) whether the military judge erred by denying Appellant's motion for appropriate relief due to unequal access to the named victim; (6) whether the military judge erred by failing to compel an expert consultant for Appellant; (7) whether the evidence was legally insufficient to support Appellant's conviction for wrongful possession of obscene cartoons; (8) whether the sentence of confinement of 40 years and 9 months was inappropriately severe; and (9) whether Appellant's conviction for rape and sexual abuse of a child was factually and legally insufficient due to

---

[1] The specifications covered the time period from 11 October 2016 to 27 March 2018. References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). Unless otherwise noted all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[2] After trial, the convening authority suspended the adjudged forfeitures of all pay and allowances for six months, release from confinement or expiration of term of service, whichever was sooner, with suspension commencing on 18 November 2019.

[3] U.S. CONST. amend. V.

errors in the child forensic interview.[4] After careful review, we also consider two additional issues not raised by Appellant: (10) whether Appellant is entitled to appropriate relief due to the convening authority's failure to take action on the sentence as required by law; and (11) whether Appellant is entitled to relief for a facially unreasonable post-trial delay.

We find the convening authority failed to take action on the entire sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We find no relief warranted for a facially unreasonable post-trial delay. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant's trial concluded on 4 November 2019. Eight days later, on 12 November 2019, Appellant's spouse, on behalf of the couple's daughter and named victim, submitted a request to the convening authority asking that he waive or defer forfeitures for the benefit of the victim and herself. Subsequently, on 25 November 2019, Appellant submitted a clemency request to the convening authority. In his request, Appellant highlighted three issues of interest for the convening authority but did not request any specific relief. Appellant's counsel contended that Appellant's sentence to confinement was inappropriately severe, and specifically stated that the convening authority's options at clemency were "limited, if not outright non-existent" and further described the clemency process as an "exercise in futility."

On 28 January 2020, the convening authority issued his Decision on Action memorandum. In the memorandum, the convening authority memorialized the following action on the sentence: (1) he suspended the adjudged forfeitures of all pay and allowances for six months, release from confinement or expiration of term of service, whichever was sooner, with suspension commencing on 18 November 2019; and (2) he waived all of the automatic forfeitures for a period of six months, release from confinement or expiration of term of service, whichever was sooner, with the waiver also commencing on 18 November 2019. He then directed that the total pay and allowances be paid to Appellant's spouse for the benefit of herself and the named victim. The Decision on Action memorandum also indicated Appellant would be required to take appellate leave un-

---

[4] Issues (6), (7), (8) and (9) were personally raised by Appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

der Article 76a, UCMJ, 10 U.S.C. § 876a. However, there was no explicit statement as to whether any of the other elements of the Appellant's sentence were approved, disapproved, commuted, or suspended.

On 2 March 2020, the military judge signed the entry of judgment (EoJ), noting both the convening authority's suspension of the adjudged forfeitures and waiver of the automatic forfeitures. He entered the rest of the sentence as adjudged.

## II. DISCUSSION

### A. Convening Authority Action

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, 10 U.S.C. § 860,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (1 Mar. 2018).

The date of the earliest charged offense of which Appellant was found guilty was on or about 11 October 2016. The version of Article 60, UCMJ, in effect on that date stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60, UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*).

The United States Court of Appeals for the Armed Forces (CAAF) recently held that:

> In any case where an accused is found guilty of at least one spec-
> ification where the offense was committed before January 1,
> 2019, a convening authority errs if he fails to take one of the
> following mandated post-trial actions in a case: approve, disap-
> prove, commute, or suspend the sentence of the court-martial in
> whole or in part.

*United States v. Brubaker-Escobar*, __ M.J. __, No. 20-0345, 2021 CAAF LEXIS
818, at *6 (C.A.A.F. 7 Sep. 2021) (per curiam). In that case, the convening au-
thority had signed a form stating he was taking "No Action" in the case. *Id*. at
*3.

In this case the convening authority stated in his Decision on Action mem-
orandum that he suspended the adjudged forfeitures and waived the automatic
forfeitures for the benefit of Appellant's spouse and child. That said, the con-
vening authority failed to state whether he approved, disapproved, commuted,
or suspended the other portions of Appellant's sentence of the court-martial in
whole or in part, to include Appellant's adjudged reduction in grade.[5] Consid-
ering *Brubaker-Escobar*, we find error.

Under *Brubaker-Escobar*, the convening authority's error was procedural,
not jurisdictional. *See id*. at *7–8. "[P]rocedural errors are 'test[ed] for material
prejudice to a substantial right to determine whether relief is warranted.'" *Id*.
at *8 (second alteration in original) (quoting *United States v. Alexander*, 61
M.J. 266, 269 (C.A.A.F. 2005)).

In *Brubaker-Escobar*, our superior court held the convening authority's er-
ror in taking "no action" was harmless because the appellant did not request
clemency, and the convening authority could not have granted meaningful
clemency regarding any portion of the adjudged sentence.[6] *Id*. at *8. In con-

---

[5] We note the Government has not offered any clarification of the convening authority's
intent. *Cf. United States v. Harrington*, No. ACM 39825, 2021 CCA LEXIS 524 (A.F.
Ct. Crim. App. 14 Oct. 2021) (unpub. op.) (convening authority's declaration regarding
intent in taking "no action" on sentence demonstrated no material prejudice to a sub-
stantial right of appellant).

[6] In *Brubaker-Escobar*, the adjudged sentence included a punitive discharge and a re-
duction to E-1. 2021 CAAF LEXIS 818, at *2. Under Article 60(c)(4)(A), UCMJ, 10
U.S.C. § 860(c)(4)(A) (2016 *MCM*), the convening authority lacked the power to affect
the punitive discharge. *Id*. at *8. Further, though the convening authority in *Brubaker-
Escobar* had the authority to grant clemency regarding the rank reduction, the CAAF
found this power effectively "meaningless because [a]ppellant's punitive discharge
would have resulted in an automatic reduction to E-1" under Article 58a, UCMJ, 10

trast, in this case Appellant expressed his belief that his sentence was inappropriately severe with requesting any specific relief. The one remaining component of the sentence that the convening authority could meaningfully affect was the reduction in grade from E-2 to E-1, and yet Appellant did not ask for relief. In that regard, we cannot determine from the record if Appellant erroneously believed the convening authority's options were "limited" to "outright non-existent," on one hand, or if Appellant was not interested in seeking to minimize his reduction in grade, on the other.[7]

We also note that under the new post-trial processing procedures, no written legal advice on Appellant's clemency request was required and none was included in the record of trial. Therefore we cannot be sure that the convening authority knew he could grant relief in regards to Appellant's reduction in rank. Under the facts presented here, we are unable to conclude that the convening authority's error did not materially prejudice a substantial right of Appellant. Accordingly, remand is appropriate before we complete our Article 66(d), UCMJ, review.

**B. Post-Trial Delay**

Appellant was sentenced on 4 November 2019 and the military judge signed the entry of judgment on 2 March 2020. On 22 April 2020 Appellant's case was docketed with this court. Appellant filed his initial assignments of error 450 days later on 16 July 2021, after requesting and receiving 12 enlargements of time over the Government's objection. A month later, on 15 August 2021, Appellant filed a supplemental brief with this court. We accepted the Government's answer on 24 September 2021, after granting a motion to exceed page limits. On 15 October 2021, 541 days after his case was docketed with this court, Appellant filed a reply brief, after receiving one enlargement of time from this court. We note that Appellant was aware of the progress on his appeal and of his options with assigned counsel, and that he consented to the motions for enlargement of time in the interest of having his case thoroughly briefed.

"We review de novo claims that an appellant has been denied the due process right to a speedy post-trial review and appeal." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004); *United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F.

---

U.S.C. § 858a (2016 *MCM*), and a related Army regulation. *Id*. No such automatic reduction would apply to Appellant in this case. *See* Department of the Air Force Instruction 51-201, *Administration of Military Justice*, ¶ A11.26.3 (18 Jan. 2019) ("The provisions of Article 58a do not apply to the Air Force. All reductions in grade are based upon adjudged and approved sentences.").

[7] The convening authority lacked authority to affect the punitive discharge and sentence to confinement. R.C.M. 1107(d)(1)(B) (2016 *MCM*).

2003)). In *Moreno*, the CAAF established a presumption of facially unreasonable delay when the Court of Criminal Appeals does not render a decision within 18 months of docketing. 63 M.J. at 142. Where there is such a delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004) (per curiam)). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136 (citing *Barker*, 407 U.S. at 533).

Appellant's case was docketed with our court on 22 April 2020. The overall delay in failing to render this decision by 22 October 2021 is facially unreasonable. *See Moreno*, 63 M.J. at 142. However, we determine there has been no violation of Appellant's right to due process and a speedy appellate review.

This case has exceeded the 18-month standard between docketing and appellate decision by approximately seven weeks. The primary reason for the delay is the fact Appellant took some 15 months to file his assignments of error after requesting and receiving 12 extensions. Once we received Appellant's reply brief, we began our Article 66(d), UCMJ, review and identified the two issues we address today. We find the length of the delay generally weighs in Appellant's favor. We find the reasons for the delay weigh in the Government's favor, especially in light of the fact that most of the delay was at Appellant's behest. Appellant has not asserted a right to speedy appellate review. He has also not pointed to any particular prejudice resulting from the presumptively unreasonable delay, and we find none.

Finding no *Barker* prejudice, we also find the delay is not so egregious that it adversely affects the public's perception of fairness and integrity of the military justice system. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). As a result, there is no due process violation. *See id.*

Recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not.

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the convening authority failed to take action on the sentence as required by Article 60, UCMJ (2016 *MCM*), and *Brubaker-Escobar*.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court