PER CURIAM:
This case involves a request for extraordinary relief because of lengthy appellate delay. Petitioner is confined as the result of a general court-martial conviction for rape and assault. His trial concluded on August 13, 1998. He has challenged his conviction and sentence in his direct appeal to the Navy-Marine Corps Court of Criminal Appeals. However, almost six years after his conviction, Petitioner’s first-level appeal as of right remains unresolved.
BACKGROUND
A general court-martial found Petitioner guilty of one specification of rape and one specification of assault in violation of Articles 120 and 128 of the Uniform Code of Military Justice.[1] 21 The court-martial was first called to order on May 21, 1998, and adjourned on August 13, 1998. The members sentenced Petitioner to confinement for 12 years, reduction to pay-grade E-l, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the sentence as adjudged and, with the exception of the dishonorable discharge, ordered it executed.
The filings in this case establish the following chronology:
*101 Date Event Days Elapsed Between Events Total Days Since Sentence Adjudged
Aug. 13, 1998 Sentence adjudged and court-martial adjourned
Apr. 29, 1999 Record of trial examined by trial counsel 259 259
June 28,1999 Military judge authorizes substitute authentication 60 319
Sep. 28, 1999 Record of trial served on defense counsel 92 411
Oct. 24,1999 Staff judge advocate’s recommendation served on defense counsel 26 437
Oct. 28,1999 Defense submits Rule for Courts-Martial 1105 clemency petition 4 441
Nov. 24, 1999 Defense submits response to staff judge advocate’s recommendation 27 468
May 15, 2000 Addendum staff judge advocate’s recommendation published 173 641
May 18, 2000 Convening authority acts 3 644
Sep. 20, 2000 Petitioner requests correction of alleged post-trial processing errors 125 769
Oct. 11, 2000 Navy-Marine Corps Appellate Review Activity receives record of trial 21 790
Oct. 26,2000 Navy-Marine Corps Court of Criminal Appeals (NMCCA) dockets appeal 15 805
Feb. 14, 2001 Defense files motion for appropriate relief based on post-trial delay 111 916
Mar. 28, 2002 Petitioner’s brief filed at NMCCA 407 1323
Dec. 6, 2002 Government’s brief filed at NMCCA 253 1576
Feb. 6, 2003 Petitioner’s reply brief filed at NMCCA 62 1638
Feb. 11, 2003 Case submitted to Panel 3 of NMCCA 5 1643
Jan. 13, 2004 Petitioner files motion for appropriate relief due to appellate delay 336 1979
Jan. 29, 2004 NMCCA denied motion for appropriate relief 16 1995
July 2, 2004 This opinion issued 2150
The transcript of Petitioner’s court-martial consists of 943 pages. The complete record of trial is spread over eleven volumes.
This chronology demonstrates that Petitioner has not received his first level appeal as of right more than five years and ten months after he was sentenced. It also demonstrates that more than three years and eight months have passed since the Navy-Marine Corps Appellate Review Activity received his case.
DISCUSSION
As we noted last term, “[t]his Court has long recognized that an accused has the right to a timely review of his or her findings and sentence.”[2] This includes a right to a reasonably timely convening authority’s action,[3] the reasonably prompt forwarding of the record of trial to the service’s appellate authorities,[4] and reasonably timely consideration by the military appellate courts. In this case, lengthy delay occurred at each of those three stages, producing an on-going aggregate delay of almost six years.
The right to timely appellate review has both statutory and constitutional roots. A military appellant’s “right to a full and fair review of his findings and sentence under *102 Article 66 embodies a concomitant right to have that review conducted in a timely fashion.”[5] We have observed that the Courts of Criminal Appeals’ unique powers and responsibilities “call[ ] for, if anything, even greater diligence and timeliness than is found in the civilian system.”[6] Additionally, the Due Process Clause guarantees “a constitutional right to a timely review.”[7]
Other federal appellate courts have similarly recognized a due process right to a reasonably timely appeal.[8] The United States Court of Appeals for the Sixth Circuit has bluntly articulated the rationale for protecting against unreasonable appellate delay: “An appeal that needlessly takes ten years to adjudicate is undoubtedly of little use to a defendant who has been wrongly incarcerated on a ten-year sentence.”[9] In its brief, the Government expressly acknowledges that the “Due Process Clause guarantees the right to a timely appellate review of a court-martial.”
Federal courts generally consider four factors to determine whether appellate delay violates an appellant’s due process rights: (1) length of the delay; (2) reasons for the delay; (3) the appellant’s assertion of his right to a timely appeal; and (4) prejudice to the appellant.[10] These factors are derived from the Supreme Court’s speedy trial analysis in Barker v. Wingo.[11]
The first factor’s “length of delay” calculation includes time caused by “failures of [ jappointed counsel and delays by the court” itself.[12] The “length of delay” factor plays two roles. “First, the ‘length of the delay is to some extent a triggering mechanism,’ and unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances, ‘there is no necessity for inquiry into the other factors that go into the balance.’ ”[13] “Second, if the constitutional inquiry has been triggered, the length of delay is itself balanced with the other factors and may, in extreme circumstances, give rise to a strong ‘presumption of evidentiary prejudice’ affecting the fourth Barker factor.”[14]
The first step in evaluating appellate delay is to determine whether the “length of delay” triggering mechanism has been pulled. This, in turn, requires us to consider a threshold question: How much delay is too much? The Tenth Circuit has adopted “a presumption of inordinate delay” upon “a two-year delay in finally adjudicating a direct criminal appeal.”[15] “[Mjost courts evaluating such delay,” however, “apply the first factor on a case-by-case basis.”[16] Many factors can affect the reasonableness of appellate delay. These include not only such universal concerns as length of the record and complexity of the issues, but also military-unique considerations such as operational commitments that may delay transmission of the record to *103 the Court of Criminal Appeals. These variables convince us that “there is no talismanic number of years or months [of appellate delay] after which due process is automatically violated.”[17] Whether appellate delay satisfies the first criterion is best determined on a case-by-case basis.
In this case, Petitioner has made a threshold showing of “a period of delay that appears, on its face, to be unreasonable under the circumstances.”[18] Without analyzing the timeliness of each step that has occurred since Petitioner’s court-martial ended in August 1998, the aggregate delay facially appears to be unreasonable, even for this serious contested case. This conclusion is consistent with civilian cases holding that six years of appellate delay in non-capital felony cases satisfies the “length of delay” criterion, thereby requiring a full due process analysis.[19] We are further convinced that this case presents a prima facie ease regarding length of delay because the Government has not attempted to defend the pace of Petitioner’s appeal.
Concluding that the aggregate delay in this ease appears facially unreasonable, however, is merely the beginning of the due process analysis. The optimal resolution of this petition for extraordinary relief is to provide the Navy-Marine Corps Court, in the first instance, with the task of evaluating the four appellate delay factors to determine whether a due process violation has occurred and, if so, to determine an appropriate remedy-
Allowing the Navy-Marine Corps Court to perform this task is appropriate for at least two reasons. First, the information available to us in this extraordinary relief litigation is sparse. While the filings in this Court establish the length of the delay and Petitioner’s repeated assertion of his right to a timely appeal, they shed little light on the reasons for the delay or the resulting prejudice to Petitioner. We have recognized that where important facts necessary to resolve an issue are unavailable, “a remand to establish a factual record normally [is] required.”[20]
The Navy-Marine Corps Court possesses Petitioner’s record of trial, has access to the issues Petitioner has raised on appeal, and can evaluate the strength of those issues. That court is well-placed to make the initial determination of whether Petitioner’s due process rights have been violated. Additionally, if we were to order that the eleven-volume record and appellate papers be filed here for our own analysis of these factors, we would interfere with the very goal of this litigation: the prompt resolution of Petitioner’s case before the Navy-Marine Corps Court.
A second reason why we should allow the Navy-Marine Corps Court to resolve this issue arises from that court’s unique powers under Article 66(c). Prejudice is a clear requirement for an Article III corut to provide relief for unreasonable post-trial delay.[21] Our review involves a determination of whether a prejudicial error of law occurred. The Courts of Criminal Appeals, however, possess broader powers.[22] They may issue relief upon a finding that lengthy delay following a court-martial conviction renders some portion of the findings or sentence inappropriate.[23] Even if it finds that the *104 delay in this case does not rise to the level of a prejudicial error of law—a matter about which we express no opinion—the Navy-Marine Corps Court has the authority to nevertheless conclude that some form of relief is appropriate.
DECISION
We grant in part and deny in part the petition for extraordinary relief. We conclude that Petitioner has made a threshold showing of an appearance of facially unreasonable delay since the conclusion of his court-martial. We expect the Navy-Marine Corps Court of Criminal Appeals to use its best efforts to render a decision on Petitioner’s appeal without delay. In deciding Petitioner’s ease, the Navy-Marine Corps Court will determine whether the lengthy delay in this case violated Petitioner’s Fifth Amendment right to due process. The court will also determine whether the lengthy delay in this case warrants some form of relief.
The portion of the petition for extraordinary relief requesting an order directing Petitioner’s release from confinement and deferral of his sentence, or alternatively directing confinement credit of not less than 24 months, is denied at this time. However, if the Navy-Marine Corps Court fails to issue a decision in this case within 90 days of this opinion, we invite Petitioner to notify us of that fact and seek further relief.

. 10 U.S.C. §§ 920, 928 (1994).

. Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.A.A.F.2003).

. See United States v. Williams, 55 M.J. 302, 305 (C.A.A.F.2001) ("Appellant has a right to a speedy post-trial review of his case.”).

. See United States v. Dunbar, 31 M.J. 70, 73 (C.M.A.1990) (calling delay in forwarding the record of trial to the appellate court "the least defensible of all” post-trial delay).

. Diaz, 59 M.J. at 37-38.

. Id. at 39.

. Id. at 38.

. See generally Campiti v. Matesanz, 186 F.Supp.2d 29, 43 (D.Mass.2002)("Although the Supreme Court has not addressed appellate delay in the due process context, seven of the Courts of Appeals have held that an appellate delay may constitute a due process violation under some circumstances.”), aff'd, 333 F.3d 317 (1st Cir.), cert. denied, - U.S. -, 124 S.Ct. 346, 157 L.Ed.2d 238 (2003).

. United States v. Smith, 94 F.3d 204, 207 (6th Cir.1996).

. See, e.g., id.; United States v. Hawkins, 78 F.3d 348, 350 (8th Cir.1996); Hill v. Reynolds, 942 F.2d 1494, 1497 (10th Cir.1991); United States v. Antoine, 906 F.2d 1379 (9th Cir.1990); Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir.1990); Rheuark v. Shaw, 628 F.2d 297, 303-04 (5th Cir.1980); United States v. Johnson, 732 F.2d 379, 381-82 (4th Cir.1984).

. 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. Simmons v. Beyer, 44 F.3d 1160, 1170 (3d Cir.1995) (quoting Coe v. Thurman, 922 F.2d 528, 531 (9th Cir.1990)). See also Taylor v. Hargett, 27 F.3d 483, 486 n. 2 (10th Cir.1994) (attributing to the state the time during which the Oklahoma Court of Criminal Appeals deliberated on the case).

. Smith, 94 F.3d at 208-09 (quoting Barker, 407 U.S. at 530, 92 S.Ct. 2182).

. Id. at 209 (quoting Doggett v. United States, 505 U.S. 647, 657, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992)).

. Harris v. Champion, 15 F.3d 1538, 1560 (10th Cir.1994).

. Smith, 94 F.3d at 209.

. Coe, 922 F.2d at 531.

. Smith, 94 F.3d at 208-09 (quoting Barker, 407 U.S. at 530, 92 S.Ct. 2182).

. See, e.g., Simmons v. Reynolds, 898 F.2d at 868; Mathis v. Hood, 937 F.2d 790, 794 (2d Cir.1991).

. United States v. Haney, 45 M.J. 447, 448 (C.A.A.F.1996).

. See, e.g., United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st Cir.1995) (holding that relief for appellate delay requires a showing of prejudice, such as a demonstration that the delay impaired the appeal or the defense in the event of retrial); Harris, 15 F.3d at 1563-64 (recognizing three typical forms of prejudice arising from appellate delay: (1) impairment of the grounds for appeal; (2) anxiety supported by a colorable state or federal claim that would warrant reversal of the conviction or a reduction of sentence; and (3) oppressive incarceration).

. See Art. 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).

. See generally United States v. Tardif, 57 M.J. 219 (C.A.A.F.2002).