ERDMANN, Judge
(concurring in part and dissenting in part):
I concur with the majority on Issue II. I join the Chief Judge’s dissent with respect to Issue I.
Finally, I concur in the result on Issue III. I conclude that even though Finch should have prevailed on a meritorious substantive issue, he did not suffer any prejudice under the fourth prong of the appellate delay analysis. See Toohey v. United States, 60 M.J. 100, 102 (C.A.A.F.2004) (adopting the speedy trial factors from Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for post-trial and appellate delays). Although I would have authorized a rehear *131 ing on the specification of Charge I and the sentence, any delay in processing this appeal did not result in oppressive incarceration. See United States v. Moreno, 63 M.J. 129, 139 (C.A.A.F.2006). Finch would have been released after serving the adjudged five months of confinement well before a timely appeal could have been completed. Further, although the delay in this case may have impaired Finch’s ability to present a defense at a rehearing, he has “not ... identified] any specific harm that he would encounter at a rehearing.” Id. at 141. For those reasons, I would conclude that Finch was not prejudiced under the fourth Barker factor.
I would, however, find a violation of Finch’s due process right to speedy post-trial and appellate review. The 2,424 days (six years, seven months and twenty days) from sentencing to completion of Finch’s appeal of right is excessive and is “so egregious that tolerating it would adversely affect the public’s perception of the fairness and integrity of the military justice system.” United States v. Toohey, 63 M.J. 353, 362 (C.A.A.F.2006). However, I share the majority’s conclusion that this due process violation was harmless beyond a reasonable doubt. See id. at 363.