# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39176**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Phillip J. VALADEZ II**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 March 2018

————————————

*Military Judge:* Shelly Schools (arraignment); Marvin W. Tubbs II.

*Approved sentence:* Dishonorable discharge, confinement for 22 years, reduction to E-1, and a reprimand. Sentence adjudged 14 June 2016 by GCM convened at Goodfellow Air Force Base, Texas.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Major Mark C. Bruegger, USAF; Major Patricia Encarnación Miranda, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

A general court-martial convicted Appellant, in accordance with his pleas, of one specification of false official statement, two specifications of sexual assault, three specifications of aggravated assault, one specification of assault

consummated by a battery, and one specification of kidnapping, in violation of Articles 107, 120, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 920, 928, 934. Officer members sentenced Appellant to a dishonorable discharge, confinement for 31 years and 166 days, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. In accordance with the pretrial agreement, the convening authority approved only 22 years of confinement. The convening authority also disapproved the adjudged forfeitures, deferred Appellant's automatic forfeiture of pay until action, and then waived the automatic forfeiture of pay for six months for the benefit of Appellant's dependent spouse. *See* Articles 57a and 58b, UCMJ, 10 U.S.C. §§ 857a, 858b. The convening authority approved the remaining portions of the adjudged sentence.

This case was submitted to us on its merits with no assignments of error. We nevertheless address the facially unreasonable delay in the post-trial processing of Appellant's case. We find no error materially prejudicial to Appellant's substantial rights and we affirm the findings and sentence.

Appellant's court-martial concluded on 14 June 2016, and the convening authority took action on 1 November 2016. This 140-day period exceeded the 120-day threshold for a presumptively unreasonable post-trial delay established by the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Accordingly, we have considered the four factors identified in *Moreno* to assess whether Appellant's due process right to timely post-trial and appellate review has been violated.[1] *Id.* at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005*), United States v. Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)).

Where, as here, there is no discernible prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Considering the relevant factors together, we conclude that the 140 days that elapsed between the conclusion of trial and the convening authority's action does not meet that threshold.

Recognizing our authority under Article 66(c), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Tardif*, 57

---

[1] These factors include: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135 (internal citations omitted).

M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude it is not.[2] On the whole, the processing of Appellant's case has not been subjected to excessive post-trial delay, and we perceive no substantial harm to Appellant, prejudice to the interests of justice or discipline, or erosion of this court's ability to conduct our review or grant appropriate relief that would move us to modify an otherwise fitting sentence.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[3]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[2] These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) keeping in mind that our goal under *Tardif* is not to analyze for prejudice, whether there is nonetheless some evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and is relief consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) given the passage of time, whether this court can provide meaningful relief in this particular situation. *Gay*, 74 M.J. at 744.

[3] We also note that the Court-Martial Order (CMO) of 1 November 2016 failed to include forfeiture of all pay and allowances as part of the adjudged sentence. We find no prejudice, but order the promulgation of a corrected CMO.