# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39830 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew S. HONG**
Cadet, U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 24 February 2022

————————————

*Military Judge:* Matthew D. Talcott; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged 6 August 2019 by GCM convened at the United States Air Force Academy, Colorado. Sentence entered by military judge on 3 December 2019[1] and reentered on 16 June 2021: Dismissal, confinement for 8 months, forfeiture of all pay and allowances, and a reprimand.

*For Appellant:* Lieutenant Colonel Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge POSCH and Senior Judge KEY joined.

————————————

[1] This court's prior opinion regarding Appellant's court-martial indicated the military judge initially took action on 16 September 2019. *United States v. Hong*, No. ACM 39830, 2021 CCA LEXIS 260 (A.F. Ct. Crim. App. 26 May 2021) (unpub. op.). The original record of trial includes a "corrected copy" of the entry of judgment which is dated 16 September 2019; however, the military judge's electronic signature on that document indicates it was signed on 3 December 2019.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

JOHNSON, Chief Judge:

A general court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of two specifications of assault consummated by a battery and one specification of assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[2,3] The military judge sentenced Appellant to a dismissal, confinement for 12 months, forfeiture of all pay and allowances, and a reprimand. The convening authority signed a Decision on Action memorandum in which he reduced Appellant's term of confinement from 12 months to 8 months (consistent with the terms of the PTA) and provided the language of the adjudged reprimand. The convening authority took no other action on the sentence. Thereafter, the military judge signed an entry of judgment (EoJ) stating the final sentence, as modified by the convening authority's action, as a dismissal, confinement for eight months, total forfeiture of pay and allowances, and a reprimand.

Appellant raised a single issue on appeal: whether he is entitled to sentence relief due to post-trial delay before his case was docketed with this court. However, upon our initial review we deferred consideration of this issue and remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, due to the convening authority's failure to take action on the entire sentence. *United States v. Hong*, No. ACM 39830, 2021 CCA LEXIS 260 (A.F. Ct. Crim. App. 26 May 2021) (unpub. op.).

Accordingly, the convening authority took action on the entire sentence, a military judge reentered the judgment of the court-martial, and the record has returned to this court for completion of our review pursuant to Article 66(d),

---

[2] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and all references to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] In accordance with the PTA, Appellant pleaded not guilty to the original charges and specifications: two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one specification of attempted abusive sexual contact in violation of Article 80, UCMJ, 10 U.S.C. § 880. These charges and specifications were withdrawn after arraignment. Our opinion addresses the disposition of these charges and specifications in greater detail below.

UCMJ, 10 U.S.C. § 866(d). Appellant has not raised additional assignments of error. As to the issue Appellant originally raised, we find he is not entitled to relief for unreasonable post-trial delay. However, we find corrective action is appropriate with regard to an issue not raised by the parties—the convening authority's failure to dismiss the original charges and specifications with prejudice in accordance with the PTA.

## I. BACKGROUND

We provided the factual background of Appellant's case in our prior opinion. *See Hong*, unpub. op. at *3–4. A recapitulation of events underlying Appellant's convictions is unnecessary here; for purposes of addressing Appellant's assignment of error, a summary of the post-trial processing at issue will suffice.

The court-martial sentenced Appellant on 6 August 2019. Appellant submitted clemency matters to the convening authority on 16 August 2019, and the convening authority signed his original Decision on Action memorandum on 27 August 2019. The military judge signed the original EoJ on 16 September 2019, and the court reporter certified the record of trial on the same day.

The United States Air Force Academy legal office (USAFA/JA) transmitted an electronic version of the record of trial to the Appellate Records Branch of the Air Force Military Justice Law and Policy Division (JAJM), located at Joint Base Andrews, Maryland, on 25 October 2019. On 19 November 2019, JAJM informed USAFA/JA that a physical copy of the original record of trial would be required, and on 26 November 2019 JAJM additionally advised USAFA/JA that certain corrections to the record were necessary. On 3 December 2019, the military judge signed a corrected version of the EoJ. On 20 December 2019, USAFA/JA mailed JAJM a physical copy of the original record of trial, and Appellant's case was docketed with this court on 30 December 2019.

## II. DISCUSSION

### A. Post-Trial Delay

#### 1. Law

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (citing *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004); *Diaz v. JAG of the Navy*, 59 M.J. 34, 37–38 (C.A.A.F. 2006)). In *Moreno*, the CAAF established a presumption of facially unreasonable delay when the convening authority does not take action within 120 days of sentencing or when the record of trial is not docketed with the Court of Criminal Appeals within 30 days of the convening authority's action. *Id.* at 142. In *United States v.*

*Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020), this court established an aggregated 150-day standard for facially unreasonable delay from sentencing to docketing with the Court of Criminal Appeals for cases referred to trial on or after 1 January 2019, in light of the new post-trial processing procedures that went into effect on that date.

Where there is a facially unreasonable delay, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice [to the appellant]." *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005); *Toohey*, 60 M.J. at 102). The CAAF identified three types of cognizable prejudice for purposes of an appellant's due process right to timely post-trial review: (1) oppressive incarceration; (2) "particularized" anxiety and concern "that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision;" and (3) impairment of the appellant's grounds for appeal or ability to present a defense at a rehearing. *Id.* at 138–40 (citations omitted). "No single [*Barker*] factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136 (citing *Barker*, 407 U.S. at 533). However, where there is no qualifying prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

We review de novo an appellant's entitlement to relief for post-trial delay. *Livak*, 80 M.J. at 633 (citing *Moreno*, 63 M.J. at 135).

**2. Analysis**

Appellant's brief, submitted before this court decided *Livak*, recognizes that *Moreno's* 120-day and 30-day thresholds for facially unreasonable delay were created under the statutory post-trial processing regime that applied to courts-martial where charges were referred to trial prior to 1 January 2019. However, the charges in the instant case were referred on 16 May 2019, and therefore Appellant's case was generally, although not entirely, subject to the post-trial process implemented in the 2019 version of the *Manual for Courts-Martial, United States*. Under the applicable post-1 January 2019 procedures, the military judge's EoJ has effectively replaced the convening authority's action as the event that marks the end of the post-trial phase and the beginning of appellate proceedings. *See* Rule for Courts-Martial 1111(a)(2). Appellant quotes this court's observation in *United States v. Moody-Neukom*,

> [A]dapting the *Moreno* analysis to the new rules will not be a simple matter of substituting the military judge's "entry of judgment"—or the convening authority's decision whether to take action on the trial results, or the certification or completion of the record of trial, or any other post-trial event—into the place of "convening authority action" within the *Moreno* framework for determining facially unreasonable delay.

No. ACM S32594, 2019 CCA LEXIS 521, at *5 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.). Nevertheless, Appellant proposes that "in order to best safeguard the *Moreno* protections of an appellant's due process right to timely post-trial and appellate review, the 30-day *Moreno* standard should start on the date of the convening authority's decision on action." By Appellant's proposed measure, the 125 days that elapsed between the convening authority's decision on action on 27 August 2019 and docketing with this court on 30 December 2019 exceeded the *Moreno* standard by 95 days.

However, this court's published opinion in *Livak* controls here, and the 146 days that elapsed from the conclusion of Appellant's court-martial did not exceed the 150-day standard for facially unreasonable delay we adopted in that decision. 80 M.J. at 633. Accordingly, we find no breach of the *Moreno* standards in Appellant's case.

This conclusion does not end our inquiry, however. The CAAF has never held that the specific time standards in *Moreno* were the *exclusive* means by which an appellant could demonstrate facially unreasonable delay in violation of constitutional due process rights. *See United States v. Swanson*, No. ACM. 38827, 2016 CCA LEXIS 648, at *21 (A.F. Ct. Crim. App. 27 Oct. 2016) (unpub. op.). Accordingly, we have considered whether the actual delays in this case were facially unreasonable and, if so, whether a balancing of the *Barker* factors favors granting relief. It is apparent there were certain inefficiencies in processing the record of trial and completing the military judge's EoJ. However, assuming *arguendo* these delays were significant enough to be facially unreasonable, we find the *Barker* factors do not favor relief. In particular, Appellant fails to demonstrate specific qualifying prejudice from the delay, and the duration and reasons for the delay are not so egregious as to impugn the fairness or integrity of the military justice system. *See Toohey*, 63 M.J. at 362; *see also United States v. Anderson*, ___ M.J. ___, No. 21-0179, slip op. at 7–8 (C.A.A.F. 18 Feb. 2022) (holding 481 days of government delay between sentencing and convening authority action would not "caus[e] the public to doubt the entire military justice system's fairness and integrity").

Finally, recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Tardif*,

57 M.J. 219, 225 (C.A.A.F. 2002). After considering the factors enumerated in *United States v. Gay*, 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we conclude no such relief is warranted.

## B. Dismissal of the Original Charges and Specifications with Prejudice

On 16 May 2019, the convening authority referred for trial the original charges and specifications against Appellant: two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one specification of attempted abusive sexual contact in violation of Article 80, UCMJ, 10 U.S.C. § 880. On 2 August 2019, the convening authority referred the Additional Charge and its two specifications of assault consummated by a battery and one specification of assault in violation of Article 128, UCMJ. On the same day, 2 August 2019, the convening authority entered into a PTA with Appellant. In addition to limiting Appellant's term of confinement, the PTA required the convening authority to withdraw and dismiss with prejudice the original charges and specifications.

The military judge did not specifically review this provision of the PTA with Appellant during the court-martial. However, after arraignment but prior to entering findings, the military judge asked trial counsel whether the Government wished to "withdraw" the original charges and specifications. Trial counsel responded affirmatively, and the military judge announced the original charges and specifications were "withdrawn" and "no longer before" the court-martial.

The charge sheet has been marked to indicate the original charges and specifications were "withdrawn and dismissed" on 6 August 2019, the date of Appellant's court-martial. Similarly, both the original EoJ dated 16 September 2019 and the post-remand EoJ dated 16 June 2021 indicate that the original charges and specifications were "Withdrawn and Dismissed." However, neither the charge sheet nor the EoJ indicate the original charges and specifications were dismissed *with prejudice*.

Neither Appellant's assignment of error brief nor the Government's answer addressed this apparent failure to dismiss the original charges and specifications with prejudice, as required by the PTA. On 25 January 2022, we issued an order to the Government to show cause as to why this court should not grant appropriate relief. On 9 February 2022, the Government filed a timely response in which it requested this court dismiss the original charges and specifications with prejudice.

"A pretrial agreement in the military justice system establishes a constitutional contract between the accused and the convening authority." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*,

63 M.J. 299, 301 (C.A.A.F. 2006)). "In a criminal context, the [G]overnment is bound to keep its constitutional promises . . . ." *Lundy*, 63 M.J. at 301. "In the event of noncompliance with a material [PTA] term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Smead*, 68 M.J. at 59 (citation omitted).

As the Government recognizes, our superior court and this court have previously found a convening authority's failure to dismiss charges and specifications with prejudice when required by the terms of a PTA to be a material violation that warrants corrective action. *See, e.g.*, *United States v. Malacara*, 71 M.J. 380 (C.A.A.F. 2012) (mem.); *United States v. Marable*, No. ACM 39954, 2021 CCA LEXIS 662 (A.F. Ct. Crim. App. 10 Dec. 2021) (unpub. op.); *United States v. Pullings*, No. ACM 39948, 2021 CCA LEXIS 648 (A.F. Ct. Crim. App. 30 Nov. 2021) (unpub. op.). The Government does not assert any just cause for the failure to dismiss the original charges and specifications with prejudice, and the record discloses none. Accordingly, in our decree we dismiss with prejudice the original charges and specifications.

### III. CONCLUSION

Charge I and its Specification, and Charge II and Specifications 1 and 2 thereunder, are **DISMISSED WITH PREJUDICE**. The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court