# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class DEONTE F. CANNION**
**United States Army, Appellant**

ARMY 20220366

Headquarters, U.S. Army Alaska
Larry A. Babin, Jr. and Matthew S. Fitzgerald, Military Judges
Colonel Susan K. McConnell, Staff Judge Advocate (pretrial)
Colonel William D. Smoot, Staff Judge Advocate (post-trial)

For Appellant: Major Robert W. Rodriguez, JA; Captain Justin L. Watkins, JA.

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA.

22 January 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

MORRIS, Judge:

Appellant requests this court grant appropriate relief for excessive post-trial delay where 263 days elapsed between adjournment and this court's receipt of appellant's 258-page record of trial. We disagree and affirm the findings and sentence.

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of larceny, one specification of burglary, one specification of domestic violence, five specifications of willfully disobeying a superior commissioned officer and one specification of wrongfully receiving and viewing child pornography in violation of Articles 121, 129, 128b, 90, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 929, 928b, 890, and 934 [UCMJ]. The military judge sentenced appellant to reduction to E-1, total

forfeiture of all pay and allowances and 790 days of confinement. Appellant was credited with 167 days of pretrial confinement credit against the sentence.

Appellant's court-martial adjourned on 18 July 2022. Appellant's defense counsel included a request for speedy post-trial processing in the Rule for Courts-Martial [R.C.M.] 1106 matters he submitted on 27 July 2022. The convening authority took action on 24 August 2022. The military judge completed the entry of judgment on 29 August 2022. The post-trial delay memo submitted by the Office of the Staff Judge Advocate (OSJA) provided a timeline that described seven other courts-martial completed while the 258-page transcript was being transcribed but did not provide any other explanation for the delay. Appellant did not allege he suffered any prejudice from this delay.

In accordance with this court's recent decision in *United States v. Winfield*, we examine post-trial processing using our authorities under Article 66(d)(1), Article 66(d)(2), and The Due Process Clause of the Fifth Amendment. 83 M.J. 662 (Army Ct. Crim. App. 27 April 2023). After reviewing the entire record and considering the totality of the circumstances, we find while there is some delay, the explanation provided by the OSJA, albeit minimal, sufficiently memorialized the competing requirements. As such, we find the sentence appropriate and decline to grant any relief for post-trial processing delay.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED

Judge HAYES concurs.

Senior Judge PENLAND, dissenting, in part:

I concur with my colleagues' decision to affirm the findings, but respectfully dissent from affirming the sentence. I would grant fifteen days of sentence relief for excessive post-trial delay under Article 66(d)(1), Article 66(d)(2), and The Due Process Clause of the Fifth Amendment.

The unit's memorandum accounting for the delay emphasizes the volume of cases and, apparently, limited personnel to handle it. Perhaps – but to me this is unclear – it is intended to indicate the relevant trial counsel and military judge had to choose between attending to appellant's post-trial rights or other cases' requirements generally. This is a false choice, inviting arbitrary conclusion and unreliable application of statutory and constitutional protections. From preferral until a case is decided, every accused soldier is equally entitled to due process. Perhaps this is why personnel shortages are inadequate to excuse slow movement.

CANNION — ARMY 20220366

*United States v. Winfield,* 83 M.J. 662, 666-667 (Army Ct. Crim. App. 2023) (Smawley, C.J. concurring) (citing *United States v. Dearing,* 63 M.J. 478, 486 (C.A.A.F. 2006); *Toohey v. United States,* 60 M.J. 100, 102 (C.A.A.F. 2004); *United States v. Anderson,* 82 M.J. 82, 87 (C.A.A.F. 2022)). Perhaps, too, units should perform "troops to task" analyses, before initiating prosecutions, assessing whether there are sufficient personnel from all quarters to ensure timely post-trial processing.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

3