# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist NICHOLAS D. AMADOR**
**United States Army, Appellant**

ARMY 20220216

Headquarters, 7th Army Training Command
Thomas P. Hynes, Military Judge
Lieutenant Colonel Jeremy W. Steward, Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Captain Matthew S. Fields, JA (on brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Colonel Christopher B. Burgess, JA; Major Chase C. Cleveland, JA (on brief).

29 February 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Senior Judge:

Appellant's sole assigned error alleges excessive post-trial delay by the government. We agree and grant sentence relief, for the government violated his rights to speedy post-trial processing under the Due Process Clause of the Fifth Amendment and Article 66, Uniform Code of Military Justice.

## BACKGROUND

A military judge sitting as a general court-martial found appellant guilty, in accordance with his pleas, of one specification of domestic violence, and one specification of assault, in violation of Articles 128b and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 928b, and 928 [UCMJ]. Consistent with a plea agreement, the military judge sentenced appellant to reduction to the grade of E-1, a

bad-conduct discharge, and confinement for 30 days on 2 May 2022. We docketed the case on 22 June 2023, over one year later.

## LAW AND DISCUSSION

In accordance with our recent decision in *United States v. Winfield* and our sentence appropriateness review, we examine post-trial processing using our authorities under Article 66(d)(1), Article 66(d)(2), and the Due Process Clause of the Fifth Amendment. 83 M.J. 662, 666-667 (Army Ct. Crim. App. 2023) (Smawley, C.J. concurring) (citing *United States v. Dearing*, 63 M.J. 478, 486 (C.A.A.F. 2006); *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F. 2004); *United States v. Anderson*, 82 M.J. 82, 87 (C.A.A.F. 2022)). Article 66(d)(1), UCMJ.

The Office of the Staff Judge Advocate took over a year to transcribe and forward this single-session guilty plea case, consisting of 124 pages, for appellate review. It is unnecessary to restate anything from the delay memorandum submitted with the record; suffice to say it is unpersuasive. Appellant requests we set aside both the adjudged confinement and punitive discharge. We appreciate and accept the government's concession that it is appropriate to set aside the adjudged confinement under Article 66(d)(2), though in our view constitutional due process and Article 66(d)(1) also justify that relief. On the other hand, under the circumstances of this case, setting aside the punitive discharge would be a disproportionate windfall for appellant.

After reviewing the entire record and considering the totality of the circumstances, we find the post-trial delay excessive under the Due Process Clause of the Fifth Amendment, and Article 66(d)(1) and (2), UCMJ.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Only so much of the sentence as provides for reduction to the grade of E-1 and a bad conduct discharged is approved.

Judge HAYES and Judge MORRIS concur.

FOR THE COURT:



// JAMES W. HERRING, JR.
Clerk of Court