# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, WILLIAMS, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 TYLER J. MONROE**
**United States Army, Appellant**

ARMY 20220122

Headquarters, Fort Stewart
G. Bret Batdorff and Albert G. Courie III, Military Judges
Colonel Joseph M. Fairfield, Staff Judge Advocate

For Appellant: Captain Patrick R. McHenry, JA; Terri R. Zimmerman, Esquire; Jack B. Zimmerman, Esquire (on brief and reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Justin L. Talley, JA; Lieutenant Colonel Jonathan P. Robell, JA (on brief).

15 September 2025

------------------------------
SUMMARY DISPOSITION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

Appellant's tumultuous relationships with three different women resulted in a trial involving multiple offenses against each. Appellant pled guilty to some offenses and, ultimately, was found guilty of numerous others. Appellant's defense counsel raised multiple assignments of error on appeal, one of which, post-trial delay, warrants relief.[1]

---

[1] We have given full and fair consideration to the other assignments of error asserted by appellant's defense counsel and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We determine appellant's other arguments, except as noted below, merit neither discussion nor relief. As to appellant's assertion the "Statement of Trial Results" (STR), incorporated into the Judgment of the Court, "erroneously over-reports the amount of [adjudged] confinement," the government concedes an error occurred. We agree and will correct later in this opinion.

## BACKGROUND

In March 2022, a military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of wrongful use of a controlled substance and seven specifications of assault consummated by battery upon an intimate partner, in violation of Article 112a and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 928 [UCMJ].[2] The same military judge convicted appellant, contrary to his pleas, of two specifications of kidnapping,[3] two specifications of aggravated assault upon his spouse, eight specifications of assault consummated by battery upon his spouse and an intimate partner, two specifications of domestic violence, and one specification of obstructing justice, in violation of Articles 125, 128, 128b, 131b, and 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for 113 months and 20 days, and forfeitures of all pay and allowances.[4]

The initial post-trial processing of appellant's case proceeded swiftly. In late March 2022, pursuant to Rule for Courts-Martial [R.C.M.] 1106, appellant requested the convening authority to waive adjudged and automatic forfeitures. In the R.C.M. 1106 matters, submitted through the Staff Judge Advocate (SJA), Colonel JF, to the convening authority, appellant "invoke[d] his right to speedy post-trial processing"

---

[2] We note the military judge incorrectly announced findings of guilty following his acceptance of appellant's guilty plea. Instead of finding appellant guilty of Specification 1 of Additional Charge II, as appellant pled, the military judge announced findings as to Specification 1 of Additional Charge I. No one noticed the military judge's mistake and the contested portion of appellant's trial ensued. The military judge's error, however, did not prejudice a substantial right of the accused. Appellant was ultimately found guilty of Specification 1 of Additional Charge I and the military judge reentered findings regarding all specifications and charges at the conclusion of the contested trial.

[3] Appellant was charged with kidnapping his spouse during two time periods: (1) October to December 2018, and (2) January to June 2019. On 1 January 2019, the offense of kidnapping was moved from 10 U.S.C. § 934 to 10 U.S.C. § 925. As such, appellant was properly charged with kidnapping under both UCMJ arts. 134 and 125, respectively.

[4] The announcement of the sentence did not include the total amount of confinement adjudged. The initial calculation, reflected on the 3 March 2022 STR, amounted to 120 months, 15 days. This number was later reduced in a corrected STR, dated 16 March 2022, to 117 months and 15 days. This calculation was also incorrect as everyone failed to accurately account for the consecutive and concurrent confinement dictates announced by the military judge regarding appellant's various convictions.

pursuant to *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). The convening authority denied appellant's request regarding the waiver of adjudged and automatic forfeitures in early April 2022. In mid-April 2022, the military judge entered judgment on the case.

From this juncture, the processing of appellant's case hit not a mere standstill but instead a brick wall. Appellant's trial defense counsel, Major (MAJ) MB, submitted an affidavit to this court attaching three emails he sent to a MAJ C R-V. [5] In the first email, from late August 2022, MAJ MB stated he "wanted to check in and see how the post-trial processing" was going in the case. In the second email, from early October 2022, MAJ MB stated he was following up from the first email and appellant was then "reasserting his right to speedy post-trial processing." The third email, from mid-January 2023, was brief. The entirety of MAJ MB's third email follows: "Sir; I just wanted to follow up again on the status of US v. Monroe's post-trial processing. Thanks!" Major MB asserted in his affidavit that he "never got a response to any of [his] emails."

Appellant's record of trial (containing over 950 pages of verbatim transcript) was certified by the court reporter on 11 January 2024. The record was mailed on 19 January 2024 and received by this court on 25 January 2024—more than 690 days after appellant's guilty plea, more than 670 days after his *Moreno* demand to the convening authority, and more than 650 days after the entry of judgment (EOJ).

On 18 January 2024, the installation chief of justice (COJ), MAJ C R-V, signed a memorandum for record attempting to explain the post-trial delay in appellant's case.[6] Major C R-V's explanations fell into three broad categories regarding: (1) significant personnel shortages (in particular as to experienced, or even competent, court-reporters); (2) failed attempts at outsourcing transcription work to overcome court reporter shortages and deficiencies; and (3) the volume and backlog of cases (between the conclusion of appellant's case and completion of his verbatim transcript, the government "completed 43 courts-martial, including 13 other contested cases . . . [and had] 14 [other] cases in various dispositions, which required full post-trial processing.").

---

[5] During the timeframe of the three emails, MAJ MB was Captain MB. He subsequently was promoted to major prior to filing his affidavit with the court. For clarity purposes, he will be referred to as only MAJ MB throughout the entirety of the opinion.

[6] This memorandum was included contemporaneously with the certified record of trial mailed to the court.

**LAW AND DISCUSSION**

We review allegations of unreasonable post-trial delay de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Whether a post-trial processing timeline is reasonable or dilatory is determined on a case-by-case basis. *E.g.*, *United States v. Abdullah*, 85 M.J. 501, 2024 CCA LEXIS 479, at *27 (Army Ct. Crim. App. 5 Nov. 2024); *United States v. Toohey (Toohey I)*, 60 M.J. 100, 102 (C.A.A.F. 2004). "'[D]ilatory post-trial processing, without an acceptable explanation, is a denial of fundamental military justice.'" *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38, at *4 (Army Ct. Crim. App 10 Feb. 2020) (summ. disp.) (quoting *United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001)). There are "two separate and independent avenues to provide relief for dilatory post-trial processing: (1) the Due Process Clause of the Fifth Amendment; and (2) the statutory basis under Article 66 when there is no showing of 'actual prejudice.'" *Abdullah*, 2024 CCA LEXIS 479, at *9 (quoting *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022)).

Whether there is a due process violation resulting from post-trial delay is analyzed using the four factors from *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." *Toohey I*, 60 M.J. at 102. When there is no finding of prejudice under the fourth *Barker* factor, a due process violation still occurs if "in balancing the three other factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Anderson*, 82 M.J. at 87 (quoting *United States v. Toohey (Toohey II)*, 63 M.J. 353, 362 (C.A.A.F. 2006)).

As to analyzing prejudice under the fourth *Barker* factor, appellant concedes that prong "is in the Government's favor." Appellant urges us, however, after balancing the three other *Barker* factors, to provide appellant relief for post-trial delay because it was "so egregious" [hereinafter "so egregious" delay]. Before determining if the delay was "so egregious" as to warrant relief, we can easily conclude it was "excessive." Even if post-trial delay is not a due process violation, this court *"may provide"* under Article 66(d)(2), UCMJ, "appropriate relief if the accused demonstrates error or *excessive* delay in the processing of the court-martial after the judgment was entered into the record." UCMJ art. 66(d)(2) (emphasis added).

More than 650 days (more than 21 months) expired between the issuance of the EOJ and our receipt of the record. This timeframe is certainly excessive for a record of appellant's nature and in no way demonstrates the efficient administration of military justice. We reviewed the memorandum for record prepared by the COJ, but we do not find the explanation for the delay persuasive. Having found excessive delay, we may (but not must) provide relief. We considered the length and reasons

4

for the delay, appellant's assertion of his right to speedy trial, and the entirety of his case.[7] After our complete review, we determine 3 months of confinement relief is appropriate for the excessive post-trial delay in this case.[8]

## CONCLUSION

The findings of guilty are AFFIRMED.[9] Only so much of the sentence extending to a dishonorable discharge, 110 months and 20 days of confinement, and total forfeitures of all pay and allowances is AFFIRMED.[10]

Judge WILLIAMS concurs.

SCHLACK, Judge, concurring in part and dissenting in part:

---

[7] Appellant alleges in his brief that he made "multiple assertions" to the government regarding his right to speedy post-trial processing. He submitted a written submission, through the SJA, to the convening authority prior to issuance of the EOJ. This weighs fully in his favor. As to his other alleged "multiple assertions," we reviewed the three emails submitted by MAJ MB, only one of which (the second email from early October 2022) referenced an assertion to invoking speedy post-trial processing. These three emails from MAJ MB to MAJ C R-V apparently never received a returned response. We can easily determine these emails carry a significantly lower probative value than the written memorandum, but the relative weight of their probative value is moot, as we have not only fully weighted this factor in appellant's favor, but we are also granting "appropriate relief."

[8] Although we did not decide if a due process violation occurred under the three *Barker* factors for "so egregious" delay, we grant "appropriate relief" under Article 66, UCMJ. If our relief is "appropriate," we have determined no further relief is left to provide. In simpler terms—no harm is left to cure. We have found no precedent that a due process violation mandates our Court to provide more relief than the relief we would provide under Article 66, UCMJ. Even if, assuming arguendo, we found a due process violation for "so egregious" delay, we deem no additional relief would be warranted in appellant's case.

[9] The STR, as incorporated in the Judgment of the Court, is amended to reflect that appellant was convicted by exceptions and substitutions of Additional Charge II, Specification 1, excepting the word "hands" and substituting therefor the word "hand." This change was explicitly agreed to by the parties during appellant's providence inquiry and accurately reflects appellant's plea to this specification.

[10] Block 12 of the STR is amended to reflect the accurate adjudged confinement period of "113 months, 20 days."

I concur with my colleagues that there is excessive delay warranting relief under Art 66, UCMJ and agree with the majority's assessment of the first three *Barker* factors. However, I find the delay to be egregious under these facts and thus a due process violation under *Toohey II*. As such, I would give relief that adequately addresses the harm caused by the delay; the harm being the adverse impact to the public's perception of the fairness and integrity of the military justice system.

When relief is warranted for a due process violation under a public perception theory, there is a possibility, as is the case here, that an appellant who did not experience prejudice from the delay will receive a benefit. In my view, that should not be in the relief calculation under a *Toohey II* due process analysis. Determining what relief is appropriate to rehabilitate the public's perception should be the central and only consideration.

When an appellant pleads guilty to or is proven guilty of a crime, the public expects punishment commensurate with that offense to keep it safe. That said, the public also expects the military justice system to adhere to its standards because, despite that finding of guilty, the appellant still has rights.

I acknowledge that there is no hard and fast timeline for post-trial processing. But, there are guidelines established by case law. When those guidelines are not followed, without adequate explanation or reason, the government should have to compensate for failing to reasonably adhere to the standard—compensation that is appropriate after considering *both* public interests in the fairness and integrity of the system and in safety.

Appellant committed violent offenses against three different victims. The sentence at trial was lawful and served the public's safety interests under at least three theories of punishment—retribution, deterrence, and prevention. However, there was a complete breakdown in the processing of this record between the EOJ and the record's certification. Three months of confinement relief for the government's temporary but significant abdication is, in my opinion, inadequate to rectify the damage to the public's perception of the fairness and integrity of the military justice system where appellant was sentenced to over nine years of confinement. Such relief—setting aside less than three percent of appellant's sentence, approximately three and a half years after his conviction—hardly constitutes the strong message demanded by these circumstances, nor is it an adequate deterrent for the government. Under the circumstances here, I would give 12 months of confinement relief.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court