# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, WILLIAMS, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CRISTIAN U. LOZANO**
**United States Army, Appellant**

ARMY 20240096

Seventh Army Training Command
Thomas P. Hynes, Military Judge
Lieutenant Colonel Melvin L. Williams, Staff Judge Advocate

For Appellant: Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Beau O. Watkins, JA; Captain Louis S. Steiner, JA (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Elizabeth G. Van Dyck, JA; Major Austin L. Fenwick, JA (on brief).

8 January 2026

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

COOPER, Judge:

Appellant was convicted and sentenced on 4 March 2024. However, his record of trial did not arrive to this court until 27 February 2025—360 days later. Appellant raised one assignment of error alleging unreasonable post-trial delay and requests this court grant appropriate relief.

Having considered the entire record, we do not find a due process violation, but we agree the post-trial delay was excessive and grant appropriate relief under Article 66, Uniform Code of Military Justice [UCMJ].[1]

---

[1] We note two errors on the Statement of Trial Results. First, we correct Block 24 to include a missing term of the plea agreement – "a mandatory bad-conduct discharge." Second, Block 29 was incorrectly marked to indicate DNA processing was not required. In light of *United States v. Williams*, we lack the authority to correct this error. 85 M.J. 121, 126 (C.A.A.F. 2024).

**BACKGROUND**

On 4 March 2023, a military judge sitting as a special court-martial with the authority to adjudge a bad-conduct discharge (BCD), convicted appellant, pursuant to his pleas, of three specifications of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921 (2019) and two specifications of obstructing justice in violation of Article 131b, UCMJ, 10 U.S.C. § 931b. In accordance with his plea agreement, the military judge sentenced appellant to a bad-conduct discharge and 8 months confinement.

Four days after the court-martial adjourned, the government received appellant's clemency matters under Rule for Courts-Martial [R.C.M.] 1106 where appellant requested waiver and deferral of automatic forfeitures. Seven days after that, on 15 March 2024, the Convening Authority (CA) approved appellant's request to defer and waive automatic forfeitures and took no action on the findings or sentence. On 9 April 2024, the military judge entered judgement and 25 days later, authenticated the record. The court reporter certified the record of trial (ROT) on 6 May 2024. The ROT was not received by this court until 27 February 2025—360 days after adjournment.

During post-trial processing, there was an opportunity to include a memorandum in the record of trial explaining any post-trial delay. The government neglected to do so. On appeal, after notice by appellant on post-trial delay, the government moved to attach a delay memorandum to the record. In light of *US v. Jessie*, we decline to allow this untimely supplementation of the record. 79 M.J. 437 (C.A.A.F. 2020).

**LAW AND DISCUSSION**

We review allegations of unreasonable post-trial delay *de novo*. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Whether a post-trial processing timeline is reasonable or dilatory is determined on a case-by-case basis. *United States v. Winfield*, 83 M.J. 662, 667 (Army Ct. Crim. App. 27 April 2023) (quoting *Toohey v. United States* (*Toohey I*), 60 M.J. 100, 101–02 (C.A.A.F. 2004); *see also United States v. Abdullah*, 85 M.J. 501, 2024 CCA LEXIS 479, at *27 (Army Ct. Crim. App. 5 November 2024); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006).

The Court of Appeals for the Armed Forces has recognized two separate and independent avenues for service courts to provide relief for dilatory post-trial processing: (1) the Due Process Clause of the Fifth Amendment; and (2) Article 66, UCMJ. *Abdullah*, 85 M.J. 501, 2025 CCA LEXIS 479, at *27 (citing *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002)); *see also Toohey I*, 60 M.J. at 101-02. Whether there is a due process violation resulting from post-trial delay is analyzed

using the four factors from *Barker v. Wingo*: (1) length of delay; (2) reasons for the delay; (3) appellant's assertion of the right to timely review and appeal; and (4) prejudice. 407 U.S. 514, 530 (1972); *Toohey I*, 60 M.J. at 102. "[N]o single factor [is] required to find that post-trial delay constitutes a due process violation." *United States v. Toohey* (*Toohey II*), 63 M.J. 353, 359 (C.A.A.F. 2006) (quoting *Moreno*, 63 M.J. at 136) (citation omitted).

Where post-trial delay is not a due process violation, this court still has "authority under Article 66[(d)(2), UCMJ,] to grant relief for excessive post-trial delay without a showing of 'actual prejudice' . . . . if it deems relief appropriate under the circumstances" *Tardif*, 57 M.J. at 224 (citation omitted). In determining "excessive delay," this court considers "the totality of the circumstances surrounding the post-trial processing timeline for each case, balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay" to make its determination. *Winfield*, 83 M.J. at 666.

Until its certification, this two-volume ROT with a 154-page transcript exhibits efficient post-trial processing. The sentence adjudication to certification took only 61 days. Once certified, however, post-trial processing halted. We have no explanation for the 270-day delay from certification on 6 May 2024 until the court received the record on 27 February 2025. A total of 360 days passed between the case adjournment and receipt of the record of trial by this court. The length of delay on this short record weighs heavily in favor of appellant.

This court emphasized in *Winfield*, that it would "scrutinize even more closely the unit-level explanations" of the delay to determine whether the delay was reasonable. 83 M.J. at 665. In addition, this court, sitting *en banc*, re-emphasized in *Abdullah*, the importance of an SJA's detailed explanation for post-trial delay and the expectation for OSJAs to "provide detailed explanations for any unwarranted delay." 85 M.J. 501, 2025 CCA LEXIS 479, at *29. Given clear notice from this court, the OSJA still inexplicably failed to provide any explanation. Thus, given no reason for the delay, the second factor weighs heavily in favor of appellant.

The third and fourth factor of the *Barker* test weigh in favor of the government, as appellant did not assert his right to a timely review and there is no prejudice alleged.[2] When there is no finding of prejudice under the fourth *Barker*

---

[2] In our analysis of prejudice under *Barker*, we considered three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Moreno*, 63 M.J. at 138–39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

factor, as is the case here, a due process violation only occurs when "in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Anderson*, 82 M.J. 82, at 87 (C.A.A.F. 2022) (quoting *Toohey II*, 63 M.J. at 362). We do not find the present case so egregious as to negatively impact the public's perception of the fairness and integrity of the military justice system. While the 270-day delay in mailing the record to this Court demonstrates inefficiency, we do not find under the facts and circumstances of this case that it would cause the public to doubt the fairness and integrity of the military justice system.

In finding no due process violation, we next turn to our authority under Article 66(d)(2), UCMJ. Upon a demonstration of excessive delay in the processing of the court-martial, this court may grant appropriate relief, tailored to the circumstances of the case. *United States v. Hotaling*, __ M.J. __, 2020 CCA LEXIS 449, at *9 (Army Ct. Crim. App. 11 Dec. 2020) (citing *United States v. Jones*, 61 M.J. 80, 86 (C.A.A.F. 2005) quoting *Tardif*, 57 M.J. at 225). In appellant's case, where there is simply no explanation for the 270-day delay in mailing a complete and certified record to this court, we find the post-trial delay excessive. After reviewing the entire record and considering the totality of the circumstances of this case, we find a 30-day reduction to the confinement sentence appropriate relief.

## CONCLUSION

The findings of guilty are AFFIRMED. Only so much of the sentence extending to confinement for 7 months, and a bad-conduct discharge, is AFFIRMED.

Senior Judge FLEMING and Judge WILLIAMS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

4