# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist EDWARD P. DEMERS, JR.**
**United States Army, Appellant**

ARMY 20240164

Headquarters, Fort Carson
Jacqueline L. Emanuel, Military Judge
Lieutenant Colonel Abraham L. Young, Acting Staff Judge Advocate

For Appellant: Major Robert W. Rodriguez, JA; Captain Eli M. Creighton, JA.

For Appellee: Lieutenant Colonel K. M. Bohlke, JA.

6 May 2025

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

COOPER, Judge:

Appellant was convicted and sentenced on 25 March 2024. For an unknown reason, entry of judgment did not take place until 30 July 2024—approximately 127 days later. This court received the record of trial on 22 August 2024. Appellant assigned no errors to this court. In his sole error submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant alleges unreasonable post-trial delay.

Having considered the entire record and the offenses with which appellant was found guilty, we determine no relief is appropriate. However, we write to address the need for offices of the staff judge advocate (OSJA) to appropriately recognize and sufficiently explain dilatory post-trial processing.

## BACKGROUND

On 25 March 2024, a military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of abusive sexual contact, two specifications of assault consummated by a battery, one specification of assault, and one specification of obstruction of justice, in violation of Articles 120, 128, and 131b, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 931b [UCMJ]. In accordance with his plea agreement, the military judge sentenced appellant to a dishonorable discharge, 30 months of confinement, and reduction to the grade of E-1.

On the same day as his court-martial, appellant expressly waived submission of clemency matters under Rule for Courts-Martial 1106.

Inexplicably, the convening authority (CA) did not take action on appellant's case until 11 July 2024—three and a half months after sentencing. Said was not transmitted to the military judge until 29 July 2024—18 additional days later.[1] The very next day the military judge entered judgement and authenticated the record. The court reporter certified the record of trial (ROT) on the same day the military judge authenticated it. The ROT was mailed on 31 July 2024 and received by this court on 22 August 2024—150 days from adjournment.

No post-trial delay memorandum accompanied the ROT.

## LAW AND DISCUSSION

We review allegations of unreasonable post-trial delay de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Whether a post-trial processing timeline is reasonable or dilatory is determined on a case-by-case basis. *E.g.*, *United States v. Abdullah*, __ M.J. __, 2024 CCA LEXIS 479, at *27 (Army Ct. Crim. App. 5 Nov. 2024); *United States v. Toohey (Toohey I)*, 60 M.J. 100, 102 (C.A.A.F. 2004); *Moreno*, 63 M.J. at 143. "'[D]ilatory post-trial processing, without an acceptable explanation, is a denial of fundamental military justice.'" *United States v. Ponder*, ARMY 20180515, 2020 CCA LEXIS 38, at *4 (Army Ct. Crim. App 10 Feb. 2020) (summ. disp.) (quoting *United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001)).

The Court of Appeals for the Armed Forces has recognized "two separate and independent avenues to provide relief for dilatory post-trial processing: (1) the Due Process Clause of the Fifth Amendment; and (2) the statutory basis under Article 66 when there is no showing of 'actual prejudice.'" *Abdullah*, 2024 CCA LEXIS 479,

---

[1] Although the transmittal date on the CA action was left blank, the chronology sheet shows the action was sent to the military judge on 29 July 2024.

at *9 (quoting *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022)). Whether there is a due process violation resulting from post-trial delay is analyzed using the four factors from *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) length of the delay; (2) reasons for the delay; (3) the appellant's assertion of his right to a timely appeal; and (4) prejudice to the appellant." *Toohey I*, 60 M.J. at 102. When there is no finding of prejudice under the fourth *Barker* factor, a due process violation still occurs when "in balancing the three other factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Anderson*, 82 M.J. at 87 (quoting *United States v. Toohey* (*Toohey II*), 63 M.J. 353, 362 (C.A.A.F. 2006)).

Where post-trial delay is not a due process violation, this court still has authority under Article 66(d)(2), UCMJ, to "provide appropriate relief if the accused demonstrates error or excessive delay in the processing of the court-martial *after the judgment was entered into the record.*" UCMJ art. 66(d)(2) (emphasis added).

Ultimately, we conclude neither path provides a basis for relief for appellant. However, we write to re-emphasize to OSJAs the importance of providing a temporaneous account for post-trial delay. In *United States v. Winfield*, this court made clear that it would "scrutinize even more closely the unit-level explanations" of post-trial delay and that "[s]taff judge advocates who decline to memorialize delays with thorough, credible, and relevant specificity do so at the peril of their units' cases on appeal." 83 M.J. 662, 665-66 (Army Ct. Crim. App. 2023). Sitting *en banc* in *Abdullah,* this court re-emphasized its interest in the SJA's explanation for post-trial delay and "the importance of providing a detailed explanation and something more than a mere recitation of the timeline of post-trial events." 2024 CCA LEXIS 479, at *11-12.

Here, we are troubled by the unexplained 127-day delay from court-martial to entry of judgment, and the lack of any post-trial memorandum to account for this rather unorthodox pause in post-trial processing. We will not speculate as to why there was this delay in entering judgment on a relatively short guilty plea. However, given the statutory limits of Article 66(d)(2), an unexplained delay in entering judgment prompts close scrutiny as appellant's rights under Article 66(d)(2) are directly impacted.

As appellant did not assert his right to a timely review and there is no prejudice alleged, we are left to determine whether this unexplained delay tainted perception of the military justice system. Although the OSJA failed to heed the warnings in *Winfield* as it relates to unit-level explanations, in this case we do not

find the delay to be so egregious as to negatively impact the public's perception of the fairness and integrity of the military justice system.[2]

After reviewing the entire record and considering the totality of the circumstances, we find no post-trial delay warranting relief.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge FLEMING and Judge SCHLACK concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[2] However, we can envision a scenario where intentional delay in entering judgment is incurred to limit potential relief under Article 66, UCMJ. Such a scenario might negatively impact public perception.